*Monday,*
*May 25.*

---

## Carlton *v.* Litton.—In error.

EVIDENCE not relevant to the issue is inadmissible.

The contents of an instrument of writing cannot be proved by oral testimony, unless the absence of the instrument be first accounted for (1).

If a party wish to introduce a written instrument in evidence,

*Monday,*
*May 25.*

1

May Term, 1835.

which is in the hands of a third person, he must take out a *subpœna duces tecum* (2).

(1) With respect to the *modes* of proof, the *first* and principal rule is, that the *best evidence* of which the nature of the case admits must be adduced; and that a party must not attempt to rely on what is termed *secondary evidence*, at least without proving that the former *cannot* be adduced, and *why;* as on account of *actual destruction* of an original deed, or *loss*, after *most diligent search*, and *subpœnaing* every person who is at all likely to have the *best* evidence in his custody or power to produce the same; and even then a jury will sometimes suspect that the best evidence is withheld, and will find a verdict against the party entirely on that account; and, consequently, in adducing *secondary evidence*, the utmost attention must be given to satisfy the jury that there is no suppression of, or want of exertion to obtain, the best description of proof. 3 Chitt. Gen. Prac. 809. See *Coman et al.* v. *The State*, *Nov.* term, 1836, *post.*

(2) It is of no avail merely to serve a third person, who is a stakeholder, with notice to produce a document; but he must be *subpœnaed* to produce the same. *Parry* v. *May*, 1 Mood. & Rob. 279.